UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

NATHANIEL RAY HARRISON,

       Petitioner,

v.

JOAN FABIAN,
Minnesota Commissioner of Corrections,

       Respondent.

Civil No. 10-4335 (JRT/SRN)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that the petition for writ of habeas corpus should be DISMISSED WITHOUT PREJUDICE, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is a state prison inmate who is currently confined at the Minnesota Correctional Facility at Stillwater, Minnesota. His present application for habeas corpus relief does <u>not</u> challenge the validity of the criminal conviction or sentence that caused him to be incarcerated.[2] Instead, he claims that he was wrongly returned to prison, after being

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

[2] The Court previously reviewed Petitioner's current habeas corpus petition, and found reason to suspect that he had not presented all of his claims to the Minnesota state courts before seeking relief in federal court. Therefore, Petitioner was ordered to show cause why this action should not be summarily dismissed due to non-exhaustion. (See

previously released from prison on February 20, 2009. (Show Cause Response, [Docket No. 6], p. 2.) Petitioner was released from prison by Respondent Joan Fabian, the Minnesota Commissioner of Corrections. It appears that Respondent released Petitioner pursuant to Minn.Stat. § 244.05, subd. 5., a Minnesota statute that allows for "Intensive Supervised Release," ("ISR").[3]

---

Order dated October 25, 2010, [Docket No. 5].) Petitioner subsequently filed a response to the order to show cause. (Docket No. 6, [hereafter "Show Cause Response"].) In that response, Petitioner represents that he was arrested on July 3, 2004; that he was later convicted of criminal sexual conduct in violation of Minn.Stat. § 609.343; and that on August 4, 2005, he was sentenced to 82 months in state prison. (Show Cause Response, p. 2.) Petitioner plainly states that he "is not contesting any of that" here. (Id.)

[3] Before being amended in 2009, § 244.05, subd. 6, provided as follows:

"The commissioner may order that an inmate be placed on intensive supervised release for all or part of the inmate's supervised release or parole term if the commissioner determines that the action will further the goals described in section 244.14, subdivision 1, clauses (2), (3), and (4). In addition, the commissioner may order that an inmate be placed on intensive supervised release for all of the inmate's conditional or supervised release term if the inmate was convicted of a sex offense under section 609.342, 609.343, 609.344, 609.345, or 609.3453 or was sentenced under the provisions of section 609.3455, subdivision 3a. The commissioner shall order that all level III predatory offenders be placed on intensive supervised release for the entire supervised release, conditional release, or parole term. The commissioner may impose appropriate conditions of release on the inmate including but not limited to unannounced searches of the inmate's person, vehicle or premises by an intensive supervision agent; compliance with court-ordered restitution, if any; random drug testing; house arrest; daily curfews; frequent face-to-face contacts with an assigned intensive supervision agent; work, education, or treatment requirements; and electronic surveillance. In addition, any sex offender placed on intensive supervised release may be ordered to participate in an appropriate sex offender program as a condition of release. If the inmate violates the conditions of the intensive supervised release, the commissioner shall impose sanctions as provided in subdivision 3 and section 609.3455."

The current version of the statute, which became effective August 10, 2010, adds special computer/internet restrictions for inmates on ISR.

2

Although Petitioner has not clearly explained why he is now back in prison, it can reasonably be inferred that Respondent revoked his ISR status, presumably because he was found to have violated the conditions of his release. As far as the Court can tell, Petitioner is now claiming that he should be granted a writ of habeas corpus because (a) Respondent was not authorized by law to impose ISR conditions on Petitioner, and (b) Respondent wrongly revoked Petitioner's supervised release. Petitioner specifically contends that the imposition of the ISR conditions, and the revocation of his supervised release, violated various Indian treaties that allegedly apply to him.

As noted above, (see n. 2, supra), the Court previously examined Petitioner's submissions, and found a conspicuous absence of any reference to prior state court proceedings. The Court therefore ordered Petitioner to demonstrate that he had exhausted his state court remedies for all of his current habeas corpus claims, as required by 28 U.S.C. § 2254(b). Based on Petitioner's response to that order, the Court now finds that Petitioner has not satisfied the statutory exhaustion of state court remedies requirement. The Court will therefore recommend that this action be summarily dismissed.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal law errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66

(1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present all of his federal law claims to the highest available state court before seeking habeas relief in federal court. O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Because federal courts will not entertain unexhausted habeas corpus claims, petitions that include such claims are subject to summary dismissal under Rule 4 of the Governing Rules.

In this case, Petitioner was ordered to explain why his petition should not be dismissed due to non-exhaustion of state court remedies. (See Order dated October 25, 2010; [Docket No. 5].) Petitioner filed a 46-page response to that order, (Docket No. 6), but nothing in that response suggests that his current claims for relief have been previously raised and decided in the state courts.

Furthermore, there is a remedy available to Petitioner under state law that he has not yet exhausted -- namely a habeas corpus petition filed in state court. This remedy is provided by Minn.Stat. § 589.01, which states that:

> "A person imprisoned or otherwise restrained of liberty, except persons committed or detained by virtue of the final judgment of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon the judgment, may apply for a writ of habeas corpus to obtain relief from imprisonment or restraint."

Under this statute, a person who claims to be wrongfully detained by Minnesota state authorities, (but who is not directly challenging a criminal conviction or sentence), can

bring a habeas corpus action in state court. Thus, a Minnesota prison inmate who believes that he is being illegally detained beyond his proper release date can seek relief in state court under § 589.01. See State ex rel. Melin v. Fabian, No. A07-355 (Minn.App. 2007), 2007 WL 1532222 (unpublished opinion), rev. denied, Aug. 7, 2007 (Minn.Stat. § 589.01 used to challenge a decision by the Hearings and Release Unit ["HRU"] of the Minnesota Department of Corrections regarding a prisoner's release date); Truelson v. Fabian, No. A08-0137 (Minn.App. 2008), 2008 WL 933543 (unpublished opinion) (same); Walker v. Fabian, No. A06-405 (Minn.App. 2007), 2007 WL 823850 (unpublished opinion) (same).

If Petitioner believes that Respondent wrongly revoked his conditional release, and that he should now be released from prison without conditions, he can seek relief by applying for a writ of habeas corpus under Minn.Stat. § 589.01. See Kelsey v. State, 283 N.W.2d 892, 894-95 (Minn.App. 1979) ("state habeas corpus is an appropriate remedy" for "reviewing allegations of failure of parole authorities to follow applicable statutory and constitutional principles"); see also Harju v. Fabian, No. A05-1820 (Minn.App. 2006), 2006 WL 2255898 (unpublished opinion) at * 1 ("[a]n offender whose conditional release has been revoked may seek review of the revocation by petitioning the district court for a writ of habeas corpus... [and a] denial of a writ of habeas corpus may be directly appealed").[4] Furthermore, if Petitioner is not granted relief under § 589.01 at the state trial court level, he can seek further review of his claims in the Minnesota Court of Appeals, and, if necessary, in the Minnesota Supreme Court. Minn.Stat. § 589.29; Minn. R. App. P. 117.

---

[4] Ironically, a case cited by Petitioner, Larson v. Fabian, No. A05-1355 (Minn.App. 2006), 2006 WL 1320474 (unpublished decision), clearly demonstrates that challenges to ISR conditions, and the revocation of ISR, can properly be raised in a habeas corpus petition filed in a Minnesota state court pursuant to Minn.Stat. § 589.01 et seq.

Petitioner does not dispute the availability of the remedy provided by Minnesota's state habeas corpus statute. However, he seems to believe that he should be fully excused from the exhaustion of state remedies requirement, because his claims are based on Indian treaties. Petitioner argues that –

> "The Indian Petitioner would have no-problem addressing these issues in state court, if we were only dealing with state law. But this is <u>Federal Indian law</u> which <u>supercede[s] state</u> law. There is not any state statute that protect[s] Indian or Indian law, and no state court has original jurisdiction to entertain Federal Treaty matters."

(Show Cause Response, p. 22, [emphasis by Petitioner].)

Petitioner obviously believes that it would be futile to pursue his current claims for relief in state court, because state courts supposedly are not competent to interpret and apply Indian treaties, and they do not consider themselves bound by such treaties. According to Petitioner, only federal courts recognize and uphold rights and interests created by Indian treaties. However, Petitioner has not offered any legal authority to support that proposition. Moreover, the Supremacy Clause of the Constitution explicitly provides that "the judges in every State shall be bound" by treaties made by the federal government.[5] See Antoine v. Washington, 420 U.S. 194, 201 (1975) (noting that all treaties made by the United States, including Indian treaties, are "made binding upon affected States by the Supremacy Clause"). In accordance with the Supremacy Clause, the

---

[5] Article VI, clause 2, of the United States Constitution states that:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

Minnesota Supreme Court has specifically recognized that state authorities are bound by Indian treaties. See State v. Clark, 282 N.W.2d 902, 908-10 (Minn. 1979) (upholding Indian hunting and fishing rights afforded by treaty), cert. denied, 445 U.S. 904 (1980).

Thus, the Court rejects Petitioner's contention that he should be excused from the exhaustion of state court remedies requirement because state courts supposedly are not bound by Indian treaties made by the federal government. The state courts are fully capable of correctly resolving Petitioner's claims based on Indian treaties, as well as the federal Constitution, and they must be given the first opportunity to do so. See Wade v. Mayo, 334 U.S. 672, 679 (1948) ("State courts are duty bound to give full effect to federal constitutional rights and it cannot be assumed that they will be derelict in their duty"). See also Richards v. South Dakota, Civ. No. 09-5021-KES, (D.S.D. 2009), 2009 WL 2855435 at *1 (Indian's federal habeas petition was dismissed due to non-exhaustion, because petitioner could still "bring a state habeas action in which his rights or the tribal interests may be recognized").

### III. CONCLUSION

The claims presented in Petitioner's current habeas corpus petition have not been fairly presented to, and decided by, the Minnesota state courts. Furthermore, there appears to be a state court remedy still available to Petitioner that he has not yet pursued, namely a state habeas corpus petition brought under Minn.Stat. § 589.01 et seq. Thus, the Court concludes that Petitioner has not exhausted his state court remedies, as required by 28 U.S.C. § 2254(b).

Petitioner cannot be excused from the exhaustion requirement, simply because his claims for relief are based on Indian treaties. Even though such treaties were made by the

federal government, the Minnesota state courts are still bound to follow them.

Because Petitioner has failed to satisfy the exhaustion of state court remedies requirement, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases. However, it will be recommended that the action be dismissed without prejudice, so that Petitioner can later return to federal court, (if necessary), after he has exhausted his state court remedies for every claim that he seeks to raise in federal court. See Gray v. Hopkins, 986 F.2d 1236, 1237 (8th Cir.), cert. denied, 510 U.S. 839 (1993).[6]

Finally, because the Court has determined that the present action must be summarily dismissed due to non-exhaustion, it will also be recommended that Petitioner's pending application to proceed in forma pauperis, (Docket No. 4), be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

**IV. RECOMMENDATION**

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 4), be DENIED; and

---

[6] Petitioner should bear in mind that he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review, (assuming relief is not granted at the state district court level), including the right to seek review in the Minnesota Supreme Court. O'Sullivan, 526 U.S. at 845.

3. This action be summarily DISMISSED WITHOUT PREJUDICE.


Dated: December 14, 2010

   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge


Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 29, 2010** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.